# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Wendy Thompson,  Civil No. 17-1926 (DWF/LIB)

    Plaintiff,

v.  **MEMORANDUM OPINION AND ORDER**

Kanabec County and Milles Lacs County,

    Defendants.

___

Adrianna Shannon, Esq., and Bonnie Smith, Esq., Shannon Law, LLC, counsel for Plaintiff.

Cally R. Kjellberg-Nelson, Esq., and Dyan J. Ebert, Esq., Quinlivan & Hughes, PA; counsel for Defendant Kanabec County.

H. Morrison Kershner, Esq., Kendra Elizabeth Olson, Esq., and Kristi A. Hastings, Esq., Pemberton, Sorlie, Rufer & Kershner, counsel for Defendant Mille Lacs County.

___

## INTRODUCTION

This matter is before the Court on Plaintiff Wendy Thompson's ("Thompson") Motion for Review of Taxation of Costs. (Doc. No. 210.)

## BACKGROUND

This Court granted summary judgment on Thompson's federal claim in favor of Defendant Kanabec County ("Kanabec") and dismissed it with prejudice. (Doc. No. 195.) Absent a federal claim, the Court declined to exercise supplemental jurisdiction over Thompson's state claims against Defendants Kanabec and Mille Lacs

County ("Mille Lacs") (collectively, "Defendants") and dismissed them without prejudice. (*Id.*)

Thereafter, Kanabec and Mille Lacs each filed a Bill of Costs. (Doc Nos. 197, 198.) Thompson objected to Kanabec's Bill of Costs (Doc. Nos. 198, 199), but did not object to Mille Lacs' Bill of Costs.[1] The clerk entered judgment in favor of Kanabec in the amount of $2,877.80 (Doc. No. 207) and Mille Lacs in the amount of $3,130.70 (Doc. No. 208).[2] Thompson filed a motion for review of the clerk's cost judgment with respect to both Kanabec and Mille Lacs. (Doc. No. 210.)

Thompson argues that the cost judgments are premature because Kanabec and Mille Lacs are not prevailing parties. (Doc. No. 212. at 1.) She argues further that even if Defendants are prevailing parties, the cost judgments are unjust because of the financial disparities between she and the Defendants. (*Id.* at 2.) Kanabec and Mille Lacs each filed a response in opposition to Thompson's motion for review. (Doc. Nos. 217, 218.)

## DISCUSSION

**I. Legal Standard**

Under 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), the Court has "substantial discretion" in awarding costs to a prevailing party. *Zotos v. Lindbergh*, 121 F.3d 356, 363 (8th Cir. 1997). Unless a federal statute, rule, or court provides otherwise, "costs—

---

[1]  Thompson references both Kanabec and Mille Lacs in the title of her objections; however, she refers only to Kanabec in her argument. (Doc. Nos. 198, 199.)

[2]  The clerk found that the full amounts claimed by both Kanabec ($2,877.80) and Mille Lacs ($3,130.70) were taxable. (Doc. Nos. 207, 208.)

other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

To overcome the presumption of taxation, Thompson has the burden to show that the cost judgment "is inequitable under the circumstances." *Concord Board Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citation and internal quotation marks omitted).

## II. Objections

### A. Defendants are not prevailing parties.

Thompson first contends that the cost judgments are premature because Defendants are not prevailing parties.

#### 1. Kanabec

Thompson argues that Kanabec is not entitled to reimbursements of costs as a prevailing party because it did not receive actual relief on the merits. (Doc. No. 212 ("Thompson Memo.") at 4.) She contends that while the Court dismissed with prejudice her Family and Medical Leave Act ("FMLA") claim, the Court left "the core issue of her separation from employment" undecided by declining to exercise supplemental jurisdiction over her state claims. (*Id*. at 5.) Thompson argues that because she may yet receive the full relief she seeks in state court with respect to the "central issue" of her case, Kanabec has not prevailed on the merits of the case. (*Id.*)

The Supreme Court observed that the term "prevailing party" is a "legal term of art" defined as "'a party in whose favor a judgment is rendered, regardless of the amount of damages award.'" *Buckhannon Bd. & Care Home*, Inc. v. W. Va. Dep't of Health and

3

*Human Res.*, 532 U.S. 598, 603 (2001) (brackets omitted) (quoting *Black's Law Dictionary* 1145 (7th ed. 1999)). The Court dismissed Kanabec's only federal claim on the merits with prejudice. Whether or not Thompson decides to pursue her remaining claims in state court does not alter the fact that this Court entered final judgment in favor of Kanabec on her federal claim. The Court concludes that the cost judgment is not premature because Kanabec is the prevailing party. *See*, *e.g.*, *Allen v. Lang,* 738 Fed. App'x 934, 945 (10th Cir. 2018) (finding that a district court does not abuse its discretion by awarding Rule 54(d)(1) costs when entering judgment in favor of a defendant on some claims and declining to exercise supplemental jurisdiction over remaining state law claims against that defendant); *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (per curium) (concluding that defendants who were granted summary judgment on federal claims were prevailing parties entitled to Rule 54(d)(1) costs despite "[t]hat the district court declined to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 and dismissed all of plaintiff's remaining state law claims").

 2. **Mille Lacs**

Similarly, Thompson argues that Mille Lacs is not a prevailing party because she may still recover full relief against Mille Lacs. (*Id.*) Mille Lacs argues that it is the prevailing party because it obtained some relief when the Court dismissed Thompson's claims without prejudice. Mille Lacs contends that "[a] party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all claims." *Head*, 62 F. 3d at 355. In *Head,* though, the court decided at least one claim in favor or defendants on the merits. Here, the Court did not decide anything on the merits

with respect to Mille Lacs. Unlike Kanabec, the Court dismissed without prejudice *all* of Thompson's claims against Mille Lacs.

Mille Lacs argues that dismissal without prejudice does not always preclude determination of a prevailing party. *See, e.g.*, *M-I Drilling Fluids UK Ltd. v. Dynamic Air, Inc.*, Civ. No. 2017 WL 8947185, at *8 (D. Minn. Feb. 3, 2017) (finding that the combination of dismissal without prejudice and covenant not to sue made defendants prevailing party entitled to costs); *Anderson v. Christian Hosp. Ne.-Nw.*, 100 F.R.D. 497, 498 (E.D. Mos. 1984) (finding that defendants were prevailing party for the purposes of costs after dismissing case without prejudice for plaintiffs' failure to comply with pre-trial orders). In *M-I Drilling Fluids UK Ltd.*, the parties entered into a covenant not to sue with respect to the dismissed claims. 2017 WL 8947185 at 8. Here, Thompson may still assert her claims in state court. *Anderson* is also distinguishable because the case was dismissed after plaintiffs failed to comply with pre-trial orders. Here, dismissal was not a result of Thompson's action or inaction. While the Court agrees that dismissal without prejudice does not always preclude determination of a prevailing party, that is not the case here.

Finally, Mille Lacs argues that it is entitled to costs because it has "been compelled to appear, invest significant time and resources, and fully participate, without any success afforded to the Plaintiff and her claims." The Court finds that these reasons do not satisfy the requirements of a prevailing party—namely, "a party in whose favor a judgment is rendered." *Buckhannon Brd. & Care Home*, 532 U.S. at 603.

By declining to exercise jurisdiction over any of Thompson's claims related to Mille Lacs, the Court declined to enter judgment in favor of either party. Therefore, neither party has prevailed at this time, and Mille Lacs is not entitled to costs.

**B.`    The cost judgments are unjust.**

Thompson next contends that even if Kanabec or Mille Lacs are prevailing parties, the Court should reverse the cost judgments because they are unjust, given the financial disparities between she and Defendants.

It is Thompson's burden to show that the cost judgments are "inequitable under the circumstances." *Concord Board Corp. v. Brunswick Corp.*, 309 F.3d at 498 (citation and internal quotation marks omitted). Thompson contends that the costs pose a hardship because she is a single mother, her 2018 income decreased to $35,977.59, and she incurred penalties resulting from her early retirement. (Doc. No. 213 ¶¶ 3-6.)

While the Court recognizes Thompson's changed circumstances, the Court finds that she has failed to show that the cost judgments are inequitable under the circumstances. Although Defendants may have greater resources, their resources derive from tax payer dollars. Further, Thompson has not submitted documentation that her annual income of nearly $36,000 is insufficient to meet her needs. While her income may be less that what she is accustomed to, the Court cannot conclude from the record before it that the cost judgments are inequitable under the circumstances.

## CONCLUSION

The Court finds that Kanabec is a prevailing party because the Court entered judgment in its favor on the merits. Relatedly, the Court finds that Mille Lacs is not a

prevailing party because the Court did not enter judgment in its favor. Finally, the Court finds Thompson's additional arguments against the imposition of costs lack merit. Accordingly, the Court affirms Kanabec's Cost Judgment in the full amount of $2,877.80 and overrules Mille Lacs' Cost Judgment in the full amount of $3,130.70.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Plaintiff Wendy Thompson's Motion for Review of Taxation of Costs (Doc. No. [210]) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Defendant Mille Lacs County's Cost Judgment (Doc. No. [208]) is **OVERRULED.** Mille Lacs County is not entitled to costs. The clerk shall amend the cost judgment accordingly.

    b. Defendant Kanabec County's Cost Judgment (Doc. No. [207]) is **AFFIRMED** in the full amount of $2,877.80.

Dated: May 2, 2019         s/Donovan W. Frank
                           DONOVAN W. FRANK
                           United States District Judge